UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JIMMY D. SCOTT,<br>on behalf of, and executor for the estates<br>Beldon D. Scott and Corine G. Scott,<br><br>        Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>        Defendant. | Civil No. 13-3637 (JRT/JSM)<br><br>**REPORT AND RECOMMENDATION** |

This case is presently before the undersigned United States Magistrate Judge for the purpose of determining whether plaintiff has complied with the Court's last prior order. (See Order dated January 24, 2014, [Docket No. 4].)  That order pointed out that plaintiff cannot prosecute this action pro se, unless either (a) he is an attorney who has been admitted to practice before this Court, or (b) he is the duly appointed personal representative, and the sole beneficiary, of the two estates identified in the caption of his complaint.  Plaintiff was therefore ordered to

> "file a comprehensive affidavit, supported by certified copies of state probate court documents, which clearly demonstrates that (a) he is, in fact, the duly appointed executor of the Estate of Beldon D. Scott and the Estate of Corine G. Scott, and (b) he is, (i) in fact, the only beneficiary of the Estate of Beldon D. Scott, and the only beneficiary of the Estate of Corine G. Scott, or (ii) if there are two or more beneficiaries of these estates (including himself), that he is a licensed attorney and admitted to practice in this Court."

(Id., p. 3.)

The Court's prior order expressly informed plaintiff that he must fully comply with all of the requirements of the order by February 28, 2014, and if he failed to do so, he would

be deemed to have abandoned this action, and it would be recommended that the action be summarily dismissed for failure to prosecute.

The deadline for complying with the Court's prior order has now expired, and plaintiff still has not filed any response to the order. Indeed, plaintiff has not communicated with the Court at all since he commenced this action nearly three months ago. Therefore, based on the Court's express warning regarding the consequences that would follow if plaintiff failed to comply with the requirements of the prior order, it is now recommended that plaintiff be deemed to have abandoned this action, and that the action be summarily dismissed without prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders). See also Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Having determined that this action should be summarily dismissed for failure to prosecute, the Court will further recommend that plaintiff's pending application for leave to proceed in forma pauperis, (Docket No. 2), be summarily denied.

**RECOMMENDATION**

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: March 14, 2014

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 28, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.